CAUSE NO. 2009-07-4343-G

| | | |
|---|---|---|
| SUN COAST PLUMBING CO., INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § | |
| SHELL OFFSHORE INC., BP EXPLORATION & PRODUCTION INC., CHEVRON U.S.A. INC., NEXEN PETROLEUM OFFSHORE U.S.A. INC., AND UNION OIL COMPANY OF CALIFORNIA, | § | CAMERON COUNTY, TEXAS |
| Defendants. | § | 404th JUDICIAL DISTRICT |

FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA, CLERK
JUL 2 8 2009
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Rosie Shelden Sotelo DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Sun Coast Pluming Co., Inc., Plaintiff in the above-styled matter, and files this its Original Petition against Shell Offshore Inc., BP Exploration & Production Inc., Chevron U.S.A. Inc., Nexen Petroleum Offshore U.S.A. Inc., and Union Oil Company of California, and for cause of action shows the Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level II discovery under Texas Rule of Civil Procedure 190.3.

### PARTIES

2. Plaintiff Sun Coast Plumbing Co., Inc. (hereinafter "Sun Coast") is a Texas corporation with its principle place of business in Harris County, Texas.

3. Defendant Shell Offshore Inc. is a Delaware corporation authorized to do business in the state of Texas. It can be served process by certified mail return receipt requested to its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4. Defendant BP Exploration & Production Inc. is a Delaware corporation authorized to do business in the state of Texas. It can be served process by certified mail return receipt requested to its registered agent CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

5. Defendant Chevron U.S.A. Inc. is a Pennsylvania corporation authorized to do business in the state of Texas. It can be served process by certified mail return receipt requested to its registered agent Prentice-Hall Corp System, Inc., 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. Defendant Nexen Petroleum Offshore U.S.A. Inc. is a Delaware corporation authorized to do business in the state of Texas. It can be served process by certified mail return receipt requested to its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7. Defendant Union Oil Company of California is a California corporation authorized to do business in the state of Texas. It can be served process by certified mail return receipt requested to its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## VENUE AND JURISDICTION

8. Venue and jurisdiction are proper in Cameron County, Texas under the Outer Continental Shelf Lands Act of 1953. 43 U.S.C.A. § 1333.

## FACTUAL BACKGROUND

9. This lawsuit is to foreclose on a mineral lien created under Texas Property Code Section 56. Sun Coast provided material and labor for the construction of living quarters to be attached to the hull of the Perdido Regional Development Spar ("Perdido") under contract with Delcor USA, Inc. f/k/a Delta Engineering Corporation ("Delta"). Delta was a general contractor on Perdido and worked on the job under contract with a subsidiary or affiliate of Shell Oil Company, acting as an agent for Defendant Shell Offshore Inc. Defendant Shell Offshore Inc. is another subsidiary or affiliate of Shell Oil Company and, along with the other Defendants, has an ownership interest in the mineral leaseholds on which Perdido is operating. Perdido was constructed for the benefit of all Defendants as mineral interest owners who will take part in the proceeds from Perdido's production of oil and/or gas. Perdido is owned by Defendants Shell Offshore Inc., BP Exploration & Production Inc., and Chevron U.S.A. Inc. The Perdido living quarters were completed on or about February 2009. The living quarters have since been installed on Perdido and are located on Block 857, Alaminos Canyon, OCS Official protraction Diagram, NG 15-4. Perdido is also being used to develop oil and gas located on surrounding Blocks 812, 813, 814, 815, 856, 857, 858, 859, 900, and 901. The federal leases subject to Sun Coast's lien include the following: OCS-G 24593, OCS-G 17561, OCS-G 20862, OCS-G 20870, OCS-G 17575, OCS-G 17570, OCS-G 17571, OCS-G

19409, OCS-G 17566, and OCS-G 20871. Defendants are the owners of the aforementioned leases.[1]

10.     On December 23, 2008, Sun Coast, through its attorney, sent a notice letter to Shell Oil Company that it claimed a mineral lien of $249,504.00 for the work it performed on Perdido.[2] Defendant Shell Offshore Inc. was sent a copy of this letter. The letter included a statement that Shell Oil Company could withhold payment to Delta for the amount claimed by Sun Coast under Tex. Prop. Code § 56.043. The letter also stated that a lien affidavit would be filed no earlier than ten (10) days from the date the notice was served. Subsequently, Sun Coast filed lien affidavits in all coastal Texas counties. An Affidavit for Lien Against Mineral Property, claiming $249,504.00 in unpaid materials and labor, was recorded in Cameron County on January 22, 2009 (Document: 00002555).[3]

11.     After the original lien affidavit was filed, Sun Coast continued to perform work on Perdido and additional invoices went unpaid. As a result, the amount claimed on the mineral lien increased. On March 5, 2009, Sun Coast, through its attorney, sent a second notice letter to Shell Offshore Inc., on which Shell Oil Company was copied.[4] This letter claimed a lien amount of $656,884.72. This letter stated that Shell Oil Company or Shell Offshore Inc. may withhold payment to Delta for the amount claimed

---

[1] *See* the Unit Agreements attached hereto as Exhibits "A" and "B" for a detailed description of Defendants' ownership interests.
[2] A true and correct copy of Sun Coast's First Notice Letter is attached hereto as Exhibit "C" and incorporated by reference.
[3] A true and correct copy of Sun Coast's Lien Against Mineral Property is attached hereto as Exhibit "D" and incorporated by reference.
[4] A true and correct copy of Sun Coast's Second Notice Letter is attached hereto as Exhibit "E" and incorporated by reference.

by Sun Coast and that a lien affidavit would be filed no earlier than (10) days from the date this notice is served. A Supplemental Affidavit for Lien Against Mineral Property was recorded on June 1, 2009 (Document: 2009-00021938).[5] This affidavit claims a mineral lien against Shell Offshore Inc. totaling $656,884.72 and includes the amount claimed in the original Affidavit for Lien Against Mineral Property.

12. After further investigation, Sun Coast decided to expand its mineral property lien to include all mineral property owners involved with the Perdido project. On July 8, 2009, Sun Coast, through its attorney, sent mineral lien notice letters to Defendants BP Exploration & Production Inc., Chevron U.S.A. Inc., Nexen Petroleum Offshore U.S.A. Inc. and Union Oil Company of California.[6] The letters identified the amount of the lien claimed, the mineral property against which the lien is claimed, and a statement that a lien affidavit will be filed no earlier than ten (10) days from the date this notice is served. Defendant Shell Offshore Inc. and Delta were sent courtesy copies of these letters.

13. On July 23, 2009, Sun Coast mailed its Second Supplemental Affidavit for Lien Against Mineral Property to the Cameron County Clerk to be recorded amongst the public records of Cameron County.[7] A copy of the lien affidavit was sent to each Defendant's registered agent. Sun Coast's Second Supplemental Affidavit for Lien Against Mineral Property claims a lien in the amount of $656,885.22 and names all of the

---

[5] A true and correct copy of Sun Coast's Supplemental Affidavit for Lien Against Mineral Property is attached hereto as Exhibit "F" and incorporated by reference.
[6] True and correct copies of Sun Coast's notice letters to Defendants are attached hereto as Exhibit "G" and incorporated by reference.
[7] A true and correct copy of Sun Coast's Second Supplemental Affidavit for Lien Against Mineral Property is attached hereto as Exhibit "H" and incorporated by reference.

Defendants to this foreclosure action as mineral property owners. The amounts claimed by Sun Coast's liens are not cumulative, and the amount claimed in its Second Supplemental Affidavit for Lien Against Mineral Property, along with interest, costs, and attorney's fees, represents the total amount claimed by Sun Coast against the Defendants as mineral owners. The amount claimed includes retainage that is now due, and all just and lawful credits, offsets, and payments have been allowed.

14. The facts supporting Sun Coast's mineral lien are set forth in greater detail in Sun Coast's Second Supplemental Affidavit for Lien Against Mineral Property.[8] Attached to the affidavit is the contract between Sun Coast and Delta and true and correct copies of unpaid invoices.

## CAUSES OF ACTION

*Foreclosure of Mineral Lien*

15. Sun Coast is a mineral subcontractor because it furnished material and labor under contract with Delta, who is a mineral contractor, to be used in mineral activities. Sun Coast has not been paid for the material and labor that it provided for the benefit of Defendants, who are the owners of the mineral property. Under Tex. Prop. Code § 56.002, Sun Coast seeks a lien to secure payments for the materials and labor further described in Exhibit "H". Sun Coast has secured its mineral lien by sending notice to the mineral owners under Tex. Prop. Code §§ 56.021 and 56.023.[9] Sun Coast has mineral lien affidavits on file in the public records of Cameron County, Texas that

---

[8] *See* Exhibit "H"
[9] *See* Exhibits "C", "E" and "G"

meet the requirements of Tex. Prop. Code § 56.022.[10] Sun Coast claims a lien in the amount of $656,885.22 and Shell Offshore Inc. is not due any credits or offsets. This amount includes retainage that is now due.

## CONDITIONS PRECEDENT

16. All conditions precedent to Sun Coast's claim for relief have been performed or have occurred.

## ATTORNEY'S FEES

17. As the result of Defendants' failure to pay the amounts due to Sun Coast, Sun Coast has found it necessary to employ an attorney to bring suit. Sun Coast requests reasonable compensation for attorney's fees under Tex. Prop. Code § 53.156.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Sun Coast respectfully requests that Defendants be cited to appear and answer and that Sun Coast have judgment against Defendants for the following:

  a. An order establishing Sun Coast's lien on the retained funds in the hands of Defendants, or in the alternative, Sun Coast's lien on the mineral property of Defendants;

  b. A judgment foreclosing Sun Coast's lien together with all writs and orders to which Sun Coast may be entitled;

  c. An order determining the rights of all parties asserting a claim to the fund or property and establishing the interest and priority of those claimants who

---

[10] *See* Exhibits "D", "F" and "H"

N:\CLIENT MATTERS\DAX\Sun Coast Plumbing\Delta\Pleadings\Plaintiff's Original Petition (Shell).doc

may prove themselves entitled to share in the proceeds.

d. Attorney's fees and other reasonable costs of collection;

e. Pre-judgment interest as provided by law;

f. Post-judgment interest as provided by law;

g. Costs of Court;

h. All other relief, in law and in equity, to which Sun Coast may be entitled.

Respectfully submitted,

**FAUBUS & SCARBOROUGH LLP**

BY: _____   #675601
DAX O. FAUBUS
State Bar No. 24010019
ROBERT F. GALTNEY
State Bar No. 24067612
1010 Lamar, Suite 1020
Houston, Texas 77002
Tel: 713/222-6400
Fax: 713/222-7240

**ATTORNEYS FOR PLAINTIFF
SUN COAST PLUMBING CO., INC.**